**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Horace FOSTER, Defendant-Appellant.**

No. 17333.

United States Court of Appeals
Seventh Circuit.

Oct. 17, 1969.

Robert S. Bailey, Arthur E. Engelland, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Robert J. Breakstone, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before KILEY and FAIRCHILD, Circuit Judges, and MORGAN, District Judge.[1]

ROBERT D. MORGAN, District Judge.

Defendant prosecutes this appeal to review the order of the court below denying his motions to set aside a bail bond forfeiture theretofore ordered and for remission of the judgment entered upon the forfeited bond.

An indictment, filed February 3, 1966, in the United States District Court for the Northern District of Illinois, charged the defendant with three violations of the narcotics laws. 26 U.S.C. § 4705(a); 21 U.S.C. § 174. Bond was set in the amount of $25,000, and defendant was released from custody pending trial upon depositing with the clerk of the court cash bail in the amount of 10 percent or $2,500.

A jury trial, concluded on October 11, 1966, resulted in a verdict finding the defendant guilty upon all three counts. The cause was continued to November 28, 1966, for the disposition of post-trial motions. In the meantime, defendant remained free on bond.

Prior to the disposition of such motions and the imposition of sentence, defendant departed from the Northern District of Illinois without consent of the court. On October 30, 1966, defendant was arrested entering the State of California from Mexico with certain narcotic drugs in his possession, and a criminal charge was filed against him in the United States District Court for the Southern District of California.

On the day of his arrest in California, defendant contacted his attorney in Chicago and advised him of the fact of the arrest. On the same day, defendant's attorney advised the Assistant United States Attorney in charge of the case in the Northern District of Illinois that defendant had been arrested, that he was in custody in California, and that a criminal complaint had been filed against him in that State.

On the following day, the court entered an order revoking defendant's bail and ordered a bench warrant to issue for his arrest. No order of bond forfeiture was entered at that time.

On December 9, 1966, the District Court in Illinois issued its writ of habeas corpus ad prosequendum for the production of the defendant before the court for sentencing. Pursuant to that writ, defendant was returned to the Northern District of Illinois, in custody, by Deputy United States Marshals from that District. He was brought before the court on December 27, 1966 for sentencing. He was sentenced to a term of imprisonment for a period of twelve years and fined $1,000 on each of the three counts of his indictment. The duration of the prison sentence was subsequently reduced to a term of eleven years on each count.

An appeal, commenced to review defendant's conviction, was dismissed upon defendant's motion on October 10, 1967. On October 11, 1967, counsel for defendant filed in the District Court an assign-

---

1. Judge Morgan is sitting by designation from the Southern District of Illinois.

ment executed by defendant, assigning to said counsel all of defendant's rights in the $2,500 bail deposit, and authorizing and directing the clerk of the court to pay such deposit to defendant's attorneys.

On October 18, 1967, defendant's counsel filed a motion for an order directing the clerk of the court to pay the bond deposit to them pursuant to that assignment. On December 13, 1967, the court denied counsel's motion for directions to the clerk to pay the bond deposit to them and entered an order upon the government's motion forfeiting defendant's bond. A motion by defendant's counsel to set aside the forfeiture and for the remission of any judgment thereon was also denied by the court.

Thereafter, on September 29, 1968, the court entered its judgment against the defendant, pursuant to that forfeiture, in the amount of $25,000, and ordered that the clerk of the court apply the $2,500 deposit in partial satisfaction of the judgment. This appeal followed.

The Rule relating to bail provides that the court "shall declare a forfeiture of the bail" if there is any breach of the conditions of a bail bond, and "shall," on motion, enter judgment of default upon the bond against the principal and the sureties thereon unless the forfeiture shall have been set aside by the court. Rule 46(f) (1), (3), F.R.Crim.P.

That Rule further provides:

"(2) *SETTING ASIDE.* The court may direct that a forfeiture be set aside upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

"(3) * * *

"(4) *REMISSION.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision." Rule 46(f) (2), (4), F.R.Crim.P.

A single and comparatively simple issue is presented upon this appeal; but the parties state it differently, implying the differing tests which they believe applicable. Appellant says the issue is: *"Do the interests of justice require* the forfeiture of Defendant-Appellant's appearance bond and the application of his $2,500 bond deposit to the partial satisfaction of the judgment * * *?" The government says the issue is "whether the district court *abused its discretion* in not setting aside the forfeiture of defendant's appearance bond."

■ The decisions on appeal dealing with this question have quite uniformly held that motions to set aside a bond forfeiture, or for remission of a judgment entered thereon, are addressed to the sound discretion of the trial court. The general rule is most often stated simply that the trial court's judgment may be reversed only if it must be said that the decision was arbitrary and capricious. *E. g.*, United States v. Carolina Casualty Insurance Co., 7 Cir., 237 F.2d 451, 453; United States v. Davis, 7 Cir., 202 F.2d 621, 624–625, cert. denied sub nom. Ferguson v. United States, 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404; Larson v. United States, 8 Cir., 296 F.2d 167, 170–171; United States v. Egan, 2 Cir., 394 F.2d 262, 266–267; United States v. Agueci, 2 Cir., 379 F.2d 277, 278, cert. denied sub nom. Stuyvesant Ins. Co. v. United States, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215; Smith v. United States, 5 Cir., 357 F.2d 486, 490; United States v. Public Service Mutual Ins. Co., 2 Cir., 282 F.2d 771, 772.

■ Upon the failure of a bailed defendant to appear in court when he is required to do so, the surety upon his bond *becomes absolutely obligated to* the United States for the full amount of the bond and the government is not obligated to prove the amount of its expenses incurred as a result of a breach of the conditions of a bail bond. United States v. Davis, *supra*. By its motion to set aside a bond forfeiture, the surety assumes the burden of proving that an injustice is done by the forfeiture.

United States v. Accardi, S.D.N.Y., 241 F.Supp. 119, 120, aff'd sub nom. United States v. Peerless Ins. Co., 2 Cir., 343 F.2d 759, cert. denied, 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76. It has also been held that the denial of a motion to set aside a forfeiture is not an abuse of discretion, even though it appears that the surety had surrendered the defaulting defendant to the government within a few days after his failure to appear in court. Smith v. United States, *supra.*

While United States v. D'Argento, 7 Cir., 339 F.2d 925, is inapposite upon its facts to this appeal, it does illuminate the distinction between a case in which it must be said that justice does not require any forfeiture and a case in which forfeiture is clearly necessary, leaving the question of justification for any remission. In *D'Argento*, a defendant, awaiting trial upon a criminal indictment in the Northern District of Illinois, travelled to California for a court appearance there, in technical violation of his bond, but he did not fail to appear at any time when he was required to do so in the court where the bond was given. This court there cited and approved both *Davis* and *Carolina Casualty*, but held that the fact that the defendant's necessary and mere technical violation of travel restrictions had caused no delay and no expense to the government showed that "justice does not require the enforcement of the forfeiture," which is the test established by Rule 46 (f) (2), F.R.Crim.P., on the question of setting aside a forfeiture of bail bond. That is simply not the situation here, where we find willful violation, government expense, and delay.

Smaldone v. United States, 10 Cir., 211 F.2d 161, is likewise inapposite. There the Court of Appeals for the Tenth Circuit refused to affirm a bond forfeiture when the defendant had failed to appear for trial only because he was hospitalized with an ailment which proved to be acute appendicitis requiring surgery.

Dudley v. United States, 5 Cir., 242 F.2d 656, appears to present a departure to some degree from the uniform established principle, but its value as a precedent helpful to defendant here is questionable in the light of the decision in Smith v. United States, 5 Cir., 357 F.2d 486.

Migdol v. United States, 9 Cir., 298 F.2d 513, 514–515, has no application whatsoever to this case. In that case, a declared forfeiture had been set aside upon the defendant's motion. The only question which the court there considered was whether the defendant could be indicted for the statutory offense of "bail jumping," despite the fact that an order forfeiting his bond had theretofore been set aside.

█ In the case before us, defendant's departure from the Northern District of Illinois was a willful violation of the conditions of his bond for his own illegal purpose.[2] That default did occasion some delay in the conclusion of his trial. The government did incur some substantial expense and avoidable extra work in obtaining process to compel his appearance before the court and in returning him, in custody, from California to the forum. No controlling significance can be attached to the fact, which defendant emphasizes, that defendant has been in federal custody continuously since October 30, 1966. His willful departure from the forum, along with the attendant delay, the government expense, and the necessity for government agents to watch over him instead of performing other duties, all of which the bond was given and taken to avoid, clearly warrant the conclusion that justice required the initial forfeiture of his bond and the refusal to set such forfeiture aside completely.

█ This simply leads to the truly difficult problem presented by this case.

2. Defendant was convicted of the offense in California and is now serving a ten-year sentence for that offense concur-rently with the three eleven-year concurrent sentences in this case.

We hold firm to the general rule enunciated so clearly by now Senior Judge F. Ryan Duffy of this Court in United States v. Davis, *supra*, that the proper question before us is whether failure by the trial judge to grant partial remission was arbitrary and capricious. We are impressed by the fact that the amount of the judgment here is two and one-half times what it was in *Davis*, that the defendant here, through his counsel, did inform the government of his self-induced predicament in California (thus limiting the government expense and inconvenience in effecting his return), and that the defendant is now serving the sentences imposed for all the violations of which he was convicted. While defendant has not yet paid fines totalling $3,000, or the costs assessed against him, those judgments subsist; and we are conscious of the rule that an appearance bond is not to be used as additional punishment for the offense. See Ex parte Milburn, 9 Pet. 702, 709, 34 U.S. 702, 709, 9 L.Ed. 280.

■ As this case now stands, defendant has an additional unpaid judgment balance of $22,500 on his appearance bond, while the purpose of that bond, with some difficulty, has become fully satisfied. We do not have the benefit of the trial court's thinking in the exercise of the discretion granted to it. We do not hold that "government expense" is the sole, proper criterion, and we recognize that the face amount of the bond, along with any justification for setting that amount originally, as well as the degree of blatancy or extenuating circumstance in defendant's bond violation, are necessary considerations in the matter of discretionary remission.

We are aware also that this was a personal bond with a required 10 percent cash deposit as the only effective security. There is reason to believe that such bonds are frequently set by determining what amount the defendant is able to deposit, the incentive for recovery of which will strongly tend to insure his appearance   That amount is then multiplied by ten to produce the face amount of the paper obligation. This practice leads to reliance on the deposit as the effective control and produces a bond ten times in face amount of that which would be produced for a personal recognizance or surety bond for the same defendant, in the same case, where the face amount must be considered the control and the amount expected to be forfeited upon violation. Should this be the background of the 10 percent deposit bond here, it may well be arbitrary and capricious to enforce the full judgment. We simply don't know because we do not have sufficient facts before us.

■ We are very reluctant to decide, upon information available, that the trial judge was either arbitrary or capricious; but the present judgment on the bond, which failed in its purpose but which is no longer needed for that purpose (at seven and one-half times the unpaid fines in this case), tends to "shock our collective conscience." We are sorely tempted to the view that true judicial discretion may require substantial remission because, otherwise, the unpaid balance of the bond judgment may in reality at this stage be nothing but additional punishment for the offenses for which fines and prison sentences have been imposed. We recognize also, however, that defendant's financial circumstances, the true considerations in the initial setting of the face amount of this bond, and other factors may well expose this judgment as a proper exercise of the trial court's discretion which we should not disturb.

Accordingly, we vacate the judgment of the court below on the bond forfeiture and remand the case to that court for further consideration and statement of such considerations consistent with this opinion, with notice to the parties and opportunity for them to be heard and to present evidence before entry of another judgment.

Reversed and remanded with directions.