**UNITED STATES of America,**

v.

**Arturo Alberto CARO.**

**No. 72–490–Cr.**

United States District Court,
S. D. Florida.

Aug. 24, 1972.

Peter D. Aiken, Asst. U. S. Atty., Miami, Fla., for the Government.

George D. Gold, of Pozen, Pestcoe, Gold & Gold, Miami, Fla., for defendant surety company.

## ORDER

FULTON, Chief Judge.

This cause came before the Court upon Allegheny Mutual Casualty Company's motions to vacate bond forfeiture and discharge bond; for remission of forfeiture and/or to set aside forfeiture; and to restrain Clerk from refusing to accept movant's bonds. At the hearing held this date, counsel for the surety company advised the Court that the motion to vacate bond forfeiture and to discharge bond which was submitted by prior counsel has been withdrawn

and that the surety company relies only upon the motions for remission and/or to set aside forfeiture and to restrain the Clerk.

Allegheny is surety for defendant Arturo Alberto Caro's $10,000 appearance bond filed in this cause. Mr. Jacques Benveniste and Mrs. Estelle Caplan are licensed agents of Allegheny Mutual Casualty Company (Allegheny). On August 4, 1972, the Clerk of the Court noticed Allegheny that defendant Caro's surety bond was estreated July 24 for failure of said defendant to appear for trial and that the $10,000 was to be paid on or before August 21, 1972. The whereabouts of defendant Caro remain unknown. On August 17, the Honorable William O. Mehrtens, Acting Chief Judge, denied Allegheny's motion for extension of time within which the $10,000 was to be paid. The surety has failed to pay forfeiture.

Allegheny seeks to set aside the forfeiture pursuant to Rule 46(f)(2), Fed.R.Crim.P., which provides as follows:

The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

The surety also seeks remission of all or a portion of the forfeiture under Rule 46(f)(4); however, no judgment of default has been entered. It has been held that a motion for remission should be determined only after a judgment of default. United States v. Miller, 323 F.2d 403 (6th Cir. 1963). In view of this Court's disposition of the motion to set aside forfeiture following a hearing and full presentation of the issues, a further determination on a motion for remission is unnecessary. Smith v. United States, 357 F.2d 486 (5th Cir. 1966). Forfeiture and remission are matters within the sound discretion of the district court, Brown v. United States, 410 F.2d 212 (5th Cir. 1969), and are subject to the same test in accord with Rules 46(f)(2) and (4).

Allegheny alleges that lack of notice of certain proceedings in this cause relieves it from liability on the bond. On June 5, 1972, defendant Caro was charged in a complaint with violating 21 U.S.C. § 841(a) for distributing approximately one kilogram of cocaine. The $10,000 surety appearance bond was executed on June 20. Thereafter, on June 22, the grand jury returned a six-count indictment against the defendant charging him with possession and distribution of various amounts of cocaine and of conspiracy to distribute approximately 10 kilos of cocaine in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. It is contended that the subsequent indictment materially changed the original charge for which the defendant was issued bail by adding new and additional charges which changed the risk substantially. Since the surety did not receive notice of the indictment, it argues that it "never agreed to or contracted to execute bond thereon." Further, Allegheny seeks to set aside the forfeiture on the basis that it did not receive notice of hearing on the government's motion to increase defendant Caro's bond, although this motion was denied by the United States Magistrate on June 23. Allegheny does not challenge lack of notice of the Order amending conditions of bond expanding the defendant's geographical restrictions to include travel to Tampa, Florida, between June 23 and June 26, 1972, apparently because the defendant subsequently appeared for arraignment on July 5. Allegheny's motion for remission of or to set aside forfeiture recites that "[a]n arraignment was held *without notice of the new and additional charges being given to the movant.*" (emphasis in motion). The record in this cause clearly shows that on June 27, 1972, Allegheny was given notice of defendant Caro's arraignment scheduled for July 5 and that Caro was present at that arraignment.

■ The test under Rule 46 of setting aside a forfeiture of bond or remission after a judgment of default is whether "justice does not require the enforcement of the forfeiture." This Court is firmly convinced that there is no reason whatsoever to relieve the surety of the obligation which it undertook through the execution of this bond. The express conditions of the bond state that:

> . . . the defendant . . . is to appear before [the] . . . United States Magistrate for the Southern District of Florida, . . . and in the United States District Court for the Southern District of Florida, . . . in accordance with any and all orders and directions relating to the defendant's appearance . . . as may be given or issued by the magistrate or by the United States District Court . . . ..

Further conditions attached to the bond state that the defendant is:

> required to appear before the United States Magistrate and/or the United States District Court in accordance with all notices . . .

The bond does not provide for notice to the surety as to any orders entered by this Court, and it is the opinion of this Court that notice to the defendant constituted imputed notice to the surety as to all matters in this cause.

Similar challenges as to lack of notice to a surety have failed where travel restrictions have been modified. United States v. Egan, 394 F.2d 262 (2nd Cir. 1968). In Stuyvesant Insurance Co. v. United States, 410 F.2d 524 (8th Cir. 1969), a $10,000 bond was forfeited after the defendant failed to appear for trial, and remission was denied by the District Court. The surety argued that its risks were enlarged by the District Court without the surety's knowledge or consent. In affirming the denial of remission, the Eighth Circuit held that:

> [t]he surety here has not demonstrated any basis for relief, either legal or equitable . . . . [The surety] accepted the onerous conditions of assuring a criminal defendant's appearance for trial and should anticipate the enlargement of travel restrictions in accordance with the terms of the bond. The surety does not have to be notified every time the principal is to appear in court but instead should keep itself posted on when the principal is to appear in order to keep itself informed of any changes made by the court in accordance with the terms *and purpose of the bond.* (emphasis supplied). *Stuyvesant, supra,* at 526–527.

■ Here, Allegheny received actual notice of arraignment of the defendant. If it chose to appear at the arraignment, it would have been apprised of the indictment and could have reevaluated its obligation in view thereof. This the surety failed to do, and it now seeks to be relieved of its liability. Such exoneration is untenable. The express conditions of the bond state:

> . . . if the defendant fails to obey or perform any of these conditions, *payment of the amount of this bond shall be due forthwith.* Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance [thereof] at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such . . . Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States. (emphasis supplied).

The law is well stated in United States v. Foster, 417 F.2d 1254 (7th Cir. 1969), as follows:

> Upon the failure of a bailed defendant to appear in court when he is required to do so, the surety upon his bond becomes absolutely obligated to the United States for the full amount of the bond . . .. *Foster, supra*, at 1256.

▆ Finally, Allegheny moves the Court to enter an Order restraining the Clerk from refusing to accept the movant's bonds pending consideration of its motions. The notice of bond forfeiture recites:

> In accordance with the policy of this Court, you are hereby notified that unless the full amount of $10,000 is 'paid on or before August 21, 1972, your firm as a surety will be disqualified and precluded from writing any further bonds until said amount has been satisfied.

The Court recognizes the statute relied upon by counsel for Allegheny, 6 U.S.C. § 11. Further, the Court must also consider Rule 46(e), Fed.R.Crim.P., which provides in part as follows:

> No bond shall be approved unless the surety thereon appears to be qualified.

Under this Rule justification of sureties goes to the financial ability of a surety to pay the amount of the bond in the event of forfeiture, and it gives the Court authority to exclude surety companies which are not qualified.

At the hearing this date the surety was represented by counsel, and a representative of the surety company spoke. Counsel for the surety agreed to certain facts, all of which are contained in the transcript of said hearing and are incorporated herein by reference. Thereupon, it is

Ordered and adjudged as follows:

1. The revocation of the bond and the forfeiture thereof previously ordered from the bench during other proceedings in this cause are hereby approved and confirmed;

2. A default final judgment is hereby entered against the surety company;

3. The government shall recover of and from the defendant surety company, Allegheny Mutual Casualty Company and/or Mr. Jacques Benveniste, the principal sum of $10,000 together with interest thereon from this date forward and the costs of this proceeding which shall be taxed for the government and against the surety company, for which said sums let execution issue;

4. In default of the payment by the defendant, Allegheny Mutual Casualty Company and/or Mr. Jacques Benveniste, to the government by making such payment into the registry of the Clerk of this Court on or before Monday at 10:00 o'clock on the morning of August 28, 1972, the right of said surety company to post further bonds in this Court shall then be automatically suspended, and the Clerk shall at such time discontinue accepting any further bonds with said Allegheny Mutual Casualty Company acting as surety;

5. In the event said surety company shall take an appeal from this final default judgment, the terms and conditions of the supersedeas bond shall be the posting of a cash bond with the Clerk of this Court in the sum of $10,000, plus $250 to assure payment of costs, making the total amount of the principal sum of the supersedeas bond $10,250. If such bond is so posted, the Clerk of the Court shall continue to accept bonds with said surety company, Allegheny Mutual Casualty Company, acting as surety pending determination of and a mandate upon said appeal; otherwise, the right of said surety company to post bond in this Court is suspended as aforesaid.