**UNITED STATES of America**

v.

**Joe Garcia LEYVA, Principal,**

**and**

**Solomon Abdo, Jr., Surety.**

**Crim. A. No. SA72CR62.**

United States District Court,
W. D. Texas,
San Antonio Division.

April 20, 1973.

**304**

William S. Sessions, U. S. Atty., Joel Conant, Henry Valdespino, Asst. U. S. Attys., San Antonio, Tex., for plaintiff.

Warren Weir, San Antonio, Tex., for surety.

Alan Brown, San Antonio, Tex., for principal.

## ORDER

SPEARS, Chief Judge.

On this the 20th day of April, 1973, came on to be considered Defendant Abdo's Motion for Remission of Bail Bond Forfeiture. A review of the facts in the case of Joe Garcia Leyva reveals that he pleaded guilty on March 1, 1972, to paragraph one of count six of an eighteen count indictment, reading, "That on or about January 30, 1972, within the Western District of Texas, ANTONIO ESPITIA NANEZ, JOE GARCIA LEYVA and ADAM MORENO GUZMAN knowingly and intentionally possessed with intent to distribute approximately 19.1 ounces of cocaine, a schedule II narcotic drug." Sentencing was deferred until March 24, 1972, at 11:00 a. m., and Leyva was released on the $50,000 appearance bond, which had been set previously by John P. Giles, United States Magistrate, and signed by Solomon Abdo, Jr. as surety. At the arraignment of March 1, 1972, was the last time this Court has seen Joe Garcia Leyva. This Court has subsequently learned, by letter from Keith L. Fieger, Special Agent, Bureau of Narcotics and Dangerous Drugs, dated April 9, 1973, that Leyva has been incarcerated in the Jalisco State Penitentiary, Guadalajara, Mexico, since September 19, 1972. He is currently awaiting sentencing for drug violations committed within the Republic of Mexico. As Leyva did not appear for sentencing on March 24, 1972, this Court, upon motion filed by the United States of America, ordered forfeiture of the $50,000 bond on March 22, 1973.

■ Pursuant to Rule 46(f)(4) Abdo now asks this Court to remit to him the $50,000. He bases his motion upon three contentions. First, the Clerk of the Court "mailed a certified copy of said motion [for Judgment for Forfeiture of Bail] to the Surety, which was delivered on a date which was not indicated on the return." Second, he has spent $12,875.-50, which is more than 20% of the amount of the bond, in locating Leyva, the principal on the bond. Third, he has done everything reasonably possible to procure the presence of Leyva for sentencing, but has been unable to convince the Mexican authorities to release Leyva from their jail to be sentenced in the

United States. While this Court is in agreement with Abdo's argument that an Order directing the remission of a judgment of forfeiture is a matter within the sound discretion of the Court, it is of the belief that this is not a case in which that discretion should be exercised.

■■ By his first contention, Abdo complains that he did not receive adequate notice of the Government's motion for forfeiture. There is a two-fold answer to that complaint. First, it makes little difference whether or not Abdo received notice of the motion for forfeiture as this Court is now reviewing the facts that led to that forfeiture as if the original judgment of March 22, 1973, which ordered the forfeiture, had never been entered. Second, the Clerk mailed to Abdo, on February 15, 1973, a letter in which the following was stated, "Enclosed please find a copy of the Motion for Judgment on Forfeiture of Bail, and the Order for Service of Copy of Motion for Judgment on Bond Forfeiture, in this cause." The return on that certified letter was signed by Abdo and postmarked February 20, 1973.

■ By his other two contentions, Abdo basically complains that it cost him a lot of money to find out that Leyva was in jail in Mexico and that, having found out this information, he was unable to do anything about it in order to procure Leyva's presence in this Court. By these contentions Abdo shows a misunderstanding of the bail bondsman's role in the administration of justice. As was stated by the Seventh Circuit in Williams v. United States, 444 F.2d 742, 744 (7th Cir.), cert. denied sub nom., United Bonding Ins. Co. v. United States, 404 U.S. 938, 92 S.Ct. 275, 30 L.Ed.2d 250 (1971),

It is the general rule that imprisonment by other authorities does not excuse production of the principal by the surety, Sifuentes-Romero v. United States, 374 F.2d 620 (5th Cir. 1967); Annot., 4 A.L.R.2d at 446 (1949) . . . . A bond is a contract between the surety and the government that the surety will undertake that the defendant who has been released on bond will appear at any specified time and place. United States v. Davis, 202 F.2d 621 (7th Cir. 1953). This is exactly what did not happen in the present case, and the circumstances surrounding Williams' failure to appear do not relieve the surety from the forfeiture declared.

It is therefore ordered that Abdo's Motion for Remission of Bail Bond Forfeiture is hereby in all things denied, without prejudice, however, to the surety's right to renew his motion for remission of bond forfeiture should he produce Joe Garcia Leyva within thirty (30) days of Leyva's release from imprisonment in Mexico.