573 F.2d 258
 UNITED STATES of America, Plaintiff-Appellee,
v.
John W. BASS, a/k/a James Harper, a/k/a John William Bass,
Jr., a/k/a Vincent Wroble, Defendant-Appellant,
Margaret Ann Harper and L. B. Mize, Surety-Appellants.
 No. 76-2282.
 United States Court of Appeals,
Fifth Circuit.
 May 19, 1978.
Rehearing Denied June 12, 1978.
 
 Steven G. Condos, Dallas, Tex., Melvyn Carson Bruder, Dallas, Tex., for defendant-appellant.
 John E. Clark, John E. Murphy, LeRoy Morgan Jahn, Larry R. Patton, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.
 AINSWORTH, Circuit Judge:
 Appellant John W. Bass was arrested on May 2, 1975 in the Western District of Texas for unlawful possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Bass executed an Appearance Bond and Bail Reform Act Form No. 2, as principal, in the sum of $100,000, to secure his release. Appellant Margaret Ann Harper executed the bond as surety thereon and appellant L. B. Mize deposited $50,000 cash with the court as surety on the bond. Under the terms of the bond, Bass was not to travel outside the Northern or Western Districts of Texas. An examining hearing before a magistrate was scheduled for May 19, 1975.
 On May 19 Bass' attorney, Eugene Sisk, informed the magistrate that Bass would be unable to appear since Bass had been arrested by federal authorities on a narcotics violation in Corpus Christi in the Southern District of Texas on May 17 and was in federal custody there. The magistrate then issued a Bench Warrant for Bass' arrest, revoked the $100,000 bond and set a new bond at $250,000. Bass was returned to the Western District where he subsequently pleaded guilty to the charge of possession of marijuana with intent to distribute. The charges leading to his arrest in Corpus Christi were later dismissed.
 On July 3, 1975, District Judge Wood issued a Declaration of Forfeiture of Bail for breach of the bond's travel restrictions. Following this Declaration, on February 17, 1976, District Judge Wood granted a Judgment for Forfeiture of Bail because of Bass' failure to appear as required for the examining hearing on May 19, 1975. Appellants subsequently filed a motion for the remission of bail which was granted to the extent of $75,000. Appellants then appealed to this Court claiming that the trial judge abused his discretion by forfeiting $25,000 of the bond.
 It is well settled that a trial judge has wide discretion in remitting a forfeiture of bond. See, e. g., United States v. Shelton, 5 Cir., 1971,444 F.2d 522; Brown v. United States, 5 Cir., 1969, 410 F.2d 212, cert. denied, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969); Estes v. United States, 5 Cir., 1965, 353 F.2d 283. However, the forfeiture of bond must not be arbitrary or capricious. See generally United States v. Nell, 1975, 160 U.S.App.D.C. 380, 515 F.2d 1315. On the record before us, we cannot determine if the forfeiture of $25,000 was within the scope of the district court's discretion. While there is no dispute that Bass violated the terms of his bond, the record fails to develop factors relevant to the amount of the forfeiture ordered by the district court. A clearer statement of the basis for the forfeiture would assist in determining if justice requires an additional remission of the bond. See generally United States v. Parr, 5 Cir., 1977, 560 F.2d 1221.
 
 
 1
 The purpose of a bail bond is not punitive; it is to secure the presence of the defendant. See Dudley v. United States, 5 Cir., 1957, 242 F.2d 656. In this case Bass was finally secured for trial. Other cases involving the remission of a forfeiture have considered the ultimate appearance of the defendant as grounds for remission even if the defendant failed to appear for prior hearings. See generally Sifuentes-Romero v. United States, 5 Cir., 1967, 374 F.2d 620; United States v. Leyva, D.Tex., 1973, 59 F.R.D. 303. In addition, during the hearing on Bass' motion for remission of bond the district court judge noted that "the Government has suffered no injury or delay from the occurrences upon the basis of which the forfeitures were predicated." Bass failed to appear for an examining hearing before a magistrate rather than a trial before a district judge. See United States v. Fook Dan Chin, S.D.N.Y.1969, 304 F.Supp. 403. There is no evidence that the Government suffered any delay or expense from Bass' absence especially since Bass pleaded guilty before trial. Moreover, no attempt was made to determine the costs of transporting the defendant from Corpus Christi to the Western District of Texas.
 
 
 2
 The record is also vague on other points necessary in determining if the forfeiture of $25,000 was excessive. The status of L. B. Mize, who deposited $50,000 cash with the court as surety and who stands to suffer the $25,000 forfeiture, is unclear from the record. Of particular importance to the equity of this forfeiture is whether Mize was a professional bondsman or merely a friend of the defendant. Compare United States v. Parr, supra, at 1223. A more adequate record should be developed to consider these factors.
 
 
 3
 While we are reluctant to decide upon the record available that the decision of the trial judge was arbitrary, our present judgment is that the forfeiture of $25,000 was excessive under the circumstances. The facts of this case are very similar to those of United States v. Foster, 7 Cir., 1969, 417 F.2d 1254. In that case the defendant left the Northern District of Illinois without the consent of the court and thereby violated the provisions of his bond. He was later arrested in California for entering California from Mexico with certain narcotic drugs in his possession. Since Foster was unable to appear before the federal court in Illinois when required because he was in custody in California, the trial court ordered a $25,000 forfeiture. On appeal, the Seventh Circuit found the amount of that forfeiture to "shock (their) collective conscience." Id. at 1258.
 
 
 4
 VACATED AND REMANDED.