UNITED STATES of America, Plaintiff,

v.

Joseph R. HAWPETOSS, Defendant.

No. 77–Cr–35.

United States District Court,
E. D. Wisconsin.

June 28, 1978.

Joan F. Kessler, U. S. Atty., by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Quarles & Brady, by Michael H. Schaalman, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the government's motion for entry of judgment of forfeiture and the defendant's motion to set aside the forfeiture of a $1,000 bail bond posted to obtain the release from confinement of Joseph R. Hawpetoss.

The defendant posted the bond on March 24, 1977, following his arrest for theft of personal property on an Indian reservation, in violation of 18 U.S.C. §§ 1153, 661, and 662. A jury trial was set in this court for August 15, 1977. The defendant failed to appear in court on that day and therefore, on August 16, I ordered that the defendant's bond be forfeited and that a warrant be issued for the defendant's arrest. The defendant was subsequently arrested, tried, and convicted by a jury in this court for theft, and on December 21, 1977, sentenced to 54 months imprisonment. Subsequently, the defendant was tried and convicted of bail jumping, in violation of 18 U.S.C. § 3150.

■ The defendant has requested that I defer ruling on these motions until the defendant's appeal for bail jumping, presently pending in the United States court of appeals for the seventh circuit, is resolved. I do not find that delay in this case is justified. The penalties provided by 18 U.S.C. § 3150 against bail jumping and forfeiture of bail as prescribed by Rule 46(e), Federal Rules of Criminal Procedure, are complementary, and the imposition of one sanction is not meant to preclude the imposition of the other. *Brown v. United States*, 410 F.2d 212 (5th Cir.), *cert. denied*, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969). Therefore, I will proceed to a judgment on the merits of the motions before me.

The government moves that the forfeiture of bail ordered on August 16, 1977, now be enforced by a judgment of default pursuant to Rule 46(e)(3), Federal Rules of Criminal Procedure. The defendant opposes this motion with his own motion to set aside the original forfeiture order, pursuant to Rule 46(e)(2). Rule 46(e) provides in part:

"(e) Forfeiture.

"(1) Declaration. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

"(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

"(3) Enforcement. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon."

■ "Upon failure of a bailed defendant to appear in court when he is required to do so, the surety upon his bond becomes absolutely obligated to the United States for the full amount of the bond and the government is not obligated to prove the amount of its expenses incurred as a result of a breach of the conditions of a bail bond." *United States v. Foster*, 417 F.2d 1254, 1256 (7th Cir. 1969); *United States v. Davis*, 202 F.2d 621 (7th Cir.), *cert. denied, sub nom. Ferguson v. United States*, 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404 (1953). Motions to set aside a bond forfeiture are addressed to the sound discretion of the trial court. *United States v. Foster, supra*. Factors which are to be considered in determining whether justice requires that a forfeiture be set aside include whether the defendant has "willfully" violated the con-

ditions of the bond and whether there is some expense to the government and delay in the proceeding due to defendant's breach. *Id.* at 1257.

The defendant in this case left for "Canada or to a different country" knowing that he was to be on trial on August 15. His failure to appear forced almost a three month delay in the proceedings and a loss of time and resources of both the court and the plaintiff. The defendant claims that his failure to appear was caused by the violent acts to which he and his family had been subjected and his fear that he would be murdered if he remained in Wisconsin. Yet, Mr. Hawpetoss made no effort to call the United States attorney's office, the court or the Federal Bureau of Investigation to tell them where he was or why he could not appear. The defendant's claim is clearly distinguishable from those instances in which forfeiture has been set aside in the past. *United States v. D'Argento*, 339 F.2d 925 (7th Cir. 1964) (forfeiture set aside where the defendant and surety were unaware of limitations on the defendant's travel imposed by bond conditions and the defendant only breached those conditions in order to attend a criminal proceeding against him in another state); *Smaldone v. United States*, 211 F.2d 161 (10th Cir. 1954) (forfeiture set aside where the defendant could not appear for medical reasons).

Moreover, Judge Warren, at the defendant's trial for bail jumping, refused to submit instructions to the jury on the defense of duress or coercion, finding that the threats to the defendant were not imminent enough to sustain such a defense. I therefore do not find the defendant's explanation for his failure to appear at his trial as scheduled persuasive and will grant the motion that judgment be entered to forfeit the defendant's $1,000 bond pursuant to Rule 46(e)(3), Federal Rules of Criminal Procedure.

Therefore, IT IS ORDERED that the plaintiff's motion for entry of judgment of default on bond forfeiture be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion to set aside the bond forfeiture be and hereby is denied.