**UNITED STATES of America**

v.

**Juan ZULUAGA-BERRIO.**

**No. EP-03-CR-1891-DB(2).**

United States District Court, W.D. Texas, El Paso Division.

July 22, 2005.

Thomas Clair Roepke, United States Attorney's Office, El Paso, TX, for Plaintiff.

Francisco F. Macias, Law Office of Francisco F. Macias, Daniel Anchondo, Sergio Gonzalez, Attorneys at Law, El Paso, TX, Jose Raymond Rodriguez, Houston, TX, for defendants and claimant.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered a "Motion And Memorandum For Relief From Judgment," filed by David Delgado d/b/a Casa Bail Bonds ("Bondsman"), on behalf of American Contractors Indemnity Co. ("Surety"), on August 23, 2004. Therein, Bondsman requests that the Court remit Defendant Juan Zuluaga–Berrio's $25,000 bond forfeiture, which was forfeited on April 6, 2004. On September 17, 2004, the Government filed a "Response To Motion For Remittance By Surety." After due consideration, the Court is of the opinion that Bondsman's Motion should be granted in part, as detailed below.

### FACTS

On October 10, 2003, Defendant Juan Zuluaga–Berrio pleaded guilty to the charge of transporting undocumented aliens for private financial gain, in violation of 18 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i). The Court allowed Defendant to continue on bond pending sentencing, while remaining under the supervision of Pretrial Services. On November 5, 2003, Surety posted a $25,000 surety bond, con-

ditioned upon Defendant's appearance for sentencing on January 8, 2004. On January 8, 2004, Defendant failed to appear. Subsequently, Bondsman began searching for Defendant, traveling twice to addresses associated with Defendant in Houston, Texas and conducting surveillance at an address frequented by Defendant in Mexico. On April 6, 2004, the Court issued a "Judgment On Forfeiture Of Bail" against Defendant and Surety in the amount of $25,000, plus court costs and interest at the rate of 1.17 percent per annum, from the date of the Court's judgment until the amount was paid or until justice otherwise dictated.

On June 22, 2004, Mexican officials notified the United States Marshal Service in Mexico City that Defendant was going to be expelled to Colombia that afternoon unless the Marshal Service purchased airfare to transport Defendant back to the United States.[1] The Marshal Service made Defendant's travel arrangements, and later that day, Defendant was transported to Houston, Texas on Continental Airlines flight number 2928. Defendant was placed in federal custody upon his arrival in Houston.

On or about July 23, 2004, Defendant was moved to the El Paso Detention Center in El Paso, Texas. On August 11, 2004, Bondsman discovered that Defendant had been arrested and subsequently detained by federal officials. Defendant appeared before the Court on August 20, 2004 and was sentenced for the crime he had pleaded guilty to before absconding. The instant Motion followed on August 23, 2004. As of that date, Defendant had not paid any of the forfeited bond, but Surety had paid $7,600 of the $25,000 forfeiture via Bondsman.

## STANDARD

The purpose of a bail bond is not to punish a defendant, but to insure his appearance. *United States v. Bass,* 573 F.2d 258, 260 (5th Cir.1978). If a bond condition is breached, a court must declare the bail forfeited. FED.R.CRIM.P. 46(f)(1). Though a district court has no discretion in declaring forfeiture, it possesses wide discretion to remit. *See Bass,* 573 F.2d at 259; *see also* FED.R.CRIM.P. 46(f)(4). A court may remit a bail forfeiture in whole or in part if the surety later surrenders the defendant into custody or if it appears that justice does not require forfeiture. FED.R.CRIM.P. 46(f)(4). A surety's effort to locate a defendant may warrant remission. *See United States v. Gonzalez,* 912 F.Supp. 242, 245 (S.D.Tex.1995) (holding that the surety's efforts to locate the defendant warranted a partial set aside of the forfeiture).[2] Furthermore, a defendant's ultimate appearance may also be grounds for remission. *Bass,* 573 F.2d at 260.

## DISCUSSION

Through the instant Motion, Bondsman requests that the Court remit Defendant's bond forfeiture, in whole or in part, on the theory that justice does not require forfeiture, as Defendant is now serving his sentence imposed by the Court. The Government requests that the Motion be denied, arguing that remission is not warranted because Surety did not surrender Defendant into custody. For the rea-

---

**1.** The United States Marshal Service's "Report of Investigation" states that Defendant "was going to be Expelled" from Mexico to Bogota, Colombia. The Court is unaware why Defendant was going to be removed, and why he would be sent to Colombia.

**2.** The conditions under which a forfeiture can be set aside and under which it can be remitted are the same. *See* FED.R.CRIM.P. 46(f)(4).

sons stated below, the Court grants a partial remission because it appears justice no longer requires full forfeiture.

When a bond condition in a criminal proceeding is breached, the court must declare the bail forfeited. FED.R.CRIM.P. 46(f)(1). Here, Defendant's failure to appear for sentencing on January 8, 2004 required the Court to declare Defendant's bail forfeited. *See id.* While a court has no discretion in ordering forfeiture, it does have wide discretion to remit. *See Bass,* 573 F.2d at 259; *see also* FED.R.CRIM.P. 46(f)(4). The Court may partially or fully remit the bond if Bondsman surrendered Defendant into custody or if it appears that justice does not require forfeiture. FED.R.CRIM.P. 46(f)(4). Bondsman, in this case, did not surrender Defendant into custody; he merely learned through his efforts to locate Defendant that Defendant was already in custody. Because Bondsman did not surrender Defendant into custody, the Court examines whether justice requires remittance. *See id.*

A surety's efforts to locate a fugitive defendant may warrant remittance. *See Gonzalez,* 912 F.Supp. at 245. Although the *Gonzalez* court addressed the setting aside of a forfeiture, its reasoning is useful in the present case because the rules governing setting aside a forfeiture and remitting a forfeiture are the same. *See* FED. R.CRIM.P. 46(f)(4). The surety in *Gonzalez* had spent time and money trying to locate the defendant in Mexico and substantiate the defendant's supposed death. *Gonzalez,* 912 F.Supp. at 245. The *Gonzalez* court concluded that because of the surety's efforts to locate the defendant and the fact that it was unknown whether the defendant was still alive, a partial set-aside of the forfeiture was warranted. *Id.* Here, Bondsman spent time and money traveling to Houston twice and conducting surveillance in Mexico in an attempt to locate Defendant, who was eventually placed in federal custody. Because of Bondsman's expenditure of time and money to locate Defendant, it appears justice requires some remission.

■ The purpose of a bail bond is not punitive, but to insure a defendant's appearance. *Bass,* 573 F.2d at 260. A defendant's ultimate appearance may be grounds for remission, even when the defendant failed to appear for a prior hearing. *See id.* In bond remission cases, courts consider whether the government suffered injury or delay in order to determine whether full remission is warranted. *See id.* Here, Defendant appeared and was sentenced on August 20, 2004, fulfilling the purpose of the bond and warranting remission. Full remission of the $25,000 forfeiture is not justified, however, because the Government expended money to transport Defendant back to the United States. *See id.* Yet, remission of the forfeiture in the amount of the unpaid balance is warranted because the bond's purpose of insuring Defendant's appearance for sentencing was ultimately fulfilled. In conclusion, because of Defendant's ultimate appearance for sentencing, along with Bondsman's expenditures of time and money in his effort to locate Defendant, the Court finds that partial remission of the $25,000 forfeiture is warranted, and that the unpaid balance of $17,400 should be remitted.

Accordingly, **IT IS THEREFORE ORDERED** that Bondsman's "Motion And Memorandum For Relief From Judgment" is **GRANTED IN PART,** as detailed above.

**IT IS FURTHER ORDERED** that the United States of America have judgment of default on bond of Juan Zuluaga–Berrio, Defendant–Principal, and that the United States do have and recover from Juan Zuluaga–Berrio and American Contractors

Indemnity Co., as surety, jointly and severally, the sum of $7,600.