STATE of Wisconsin, Plaintiff-Respondent,

v.

Chad A. ACHTERBERG, Defendant-Appellant-Petitioner.

Supreme Court

*No. 94–3360–CR. Oral argument February 29, 1996.—Decided May 22, 1996.*

(Also reported in 548 N.W.2d 515.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Patrick Donnelly*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Juliet M. Brodie*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

WILLIAM A. BABLITCH, J.   Chad A. Achterberg (Achterberg) seeks review of an unpublished decision of the court of appeals which affirmed an order forfeiting his $500 bail on a misdemeanor charge. The issue is whether a circuit court has discretion to enter a judgment on an order forfeiting bail absent a motion by the district attorney when the defendant appears within 30 days of the date of forfeiture. We conclude that the circuit court has such discretion. We also conclude that the circuit court properly exercised its discretion in this

case. Accordingly, the decision of the court of appeals is affirmed.[1]

The facts are not in dispute. Achterberg was found guilty upon the entry of a plea to a single count of a violation of Wis. Stat. § 941.23 (1993-94),[2] carrying a concealed weapon. At his initial appearance, Achterberg signed a signature bond which included a requirement that he appear at all scheduled court appearances. Achterberg subsequently missed a trial date which resulted in the issuance of a bench warrant. Achterberg then received a notice for a new court date scheduled for September 6, 1994. Bail was posted in the amount of $500. Achterberg failed to appear for jury selection on September 6, 1994. Pursuant to Wis. Stat. § 969.13(1),[3] the judge ordered his bail forfeited.

---

[1] The State of Wisconsin (State) argues that this court lacks jurisdiction over the issues raised in Achterberg's appeal. The State contends that a Notice of Appeal must specify "the judgment or order appealed from." Finally, the State claims that this record is absent of any written judgment regarding Achterberg's bail forfeiture.

Achterberg properly appealed from a judgment of bail forfeiture. The relevant document is entitled "Judgment & Certificate of Conviction" and is signed by the clerk of court. Included in the minutes of this document is the statement that the "ct refused to reinstate bail." Here, the court's rulings regarding forfeiture of Achterberg's bail and the court's decision in response to the motion do constitute a judgment from which Achterberg can appeal. Although the form of this document is unusual, it satisfies the jurisdictional requirements of this court.

[2] All future statutory references are to the 1993-94 volume unless otherwise indicated.

[3] Wisconsin Stat. § 969.13 provides for the forfeiture of bail as follows:

At the time of his required appearance in Dane County on September 6, 1994, Achterberg was in custody on a traffic matter in Columbia County. Achterberg informed the authorities in Columbia County that he needed to be in court in Dane County. Achterberg was unrepresented by counsel during these proceedings.

On September 29, 1994, 23 days after the order forfeiting bail was entered, Achterberg returned to

(1) If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited.

(2) This order may be set aside upon such conditions as the court imposes if it appears that justice does not require the enforcement of the forfeiture.

(3) By entering into a bond, the defendant and sureties submit to the jurisdiction of the court for the purposes of liability on the bond and irrevocably appoint the clerk as their agent upon whom any papers affecting their bond liability may be served. Their liability may be enforced without the necessity of an independent action.

(4) Notice of the order of forfeiture under sub. (1) shall be mailed forthwith by the clerk to the defendant and the defendant's sureties at their last addresses. If the defendant does not appear and surrender to the court within 30 days from the date of the forfeiture and within such period the defendant or the defendant's sureties do not satisfy the court that appearance and surrender by the defendant at the time scheduled for the defendant's appearance was impossible and without the defendant's fault, the court shall upon motion of the district attorney enter judgment for the state against the defendant and any surety for the amount of the bail and costs of the court proceeding. Proceeds of the judgment shall be paid to the county treasurer. The motion and such notice of motion as the court prescribes may be served on the clerk who shall forthwith mail copies to the defendant and the defendant's sureties at their last addresses.

(5) A cash deposit made with the clerk pursuant to this chapter shall be applied to the payment of costs. If any amount of such deposit remains after the payment of costs, it shall be applied to payment of the judgment of forfeiture.

court and asked that, because of the above circumstances, bail be reinstated and returned to the individual who posted it. The clerk of the circuit court in Dane County confirmed that someone from Columbia County had called on September 6, 1994, to inform the court that Achterberg was in custody in Columbia County and unable to appear. Achterberg's attorney explained:

> My client was in jail at the time of that court date which led to the bench warrant and forfeiture of the bail money. He was arrested on a traffic offense up in Columbia County . . . . It wasn't his fault that he wasn't here. He was taken into custody on the warrant shortly after it was issued. He's been in custody since September 6, and I think the missed court date was right around that time so it can't be said that he neglected to come forward and address the matter in a timely fashion after he was released from custody in Columbia County.

The district attorney declined to take a position on whether Achterberg's bail should be returned and left the decision up to the court. The circuit court judge subsequently denied Achterberg's request for the return of his bail stating:

> Well, quite honestly . . . I might go along with your . . . request if this wasn't the second time. If the defendant would have shown up on June 27th for jury selection, there would not have been a bench warrant at that time.
>
> I don't have a great deal of compassion for people who constantly miss their court dates. It is . . . to me a sign of one's irresponsibility. It is quite honestly a huge pain . . . for everybody involved. We keep constantly . . . resetting and resetting and resetting. Maybe that's why we need the number of

296

criminal courts we do, [the] number of DA's and the number of public defenders because we are all here multiple times because of someone's lack of consideration of . . . our institutions and show up when they want to.

So I will [not][4] reinstate the bond. The bond that was forfeited will remain forfeited.

The court then entered judgment for the State on the order forfeiting Achterberg's $500 bail. Achterberg appealed the decision of the circuit court arguing that the court lacked authority to enter judgment on the bail forfeiture because the district attorney had not filed a motion for judgment relying on Wis. Stat. § 969.13(4). The court of appeals rejected Achterberg's argument and held that the language in the statute "upon motion of the district attorney" does not remove the court's authority to enter judgment on an order of bail forfeiture when justice so requires. According to the court, the fact that the district attorney took no position on whether or not the bail forfeiture order should be enforced did not preclude the circuit court judge from deciding whether the bail should be returned. Achterberg now seeks review of the court of appeals' decision.

Wisconsin Stat. § 969.13(1) states that a circuit court "shall enter an order declaring the bail to be forfeited" if the conditions of bond are not met. Section 969.13(4) permits circuit courts to convert this order into a judgment for the bail amount under certain circumstances. The relevant portion of subsection (4) states:

[4] As the State points out in its brief, the circuit court judge erred by stating that he would reinstate the bond. In actuality, the bond was not reinstated.

> If the defendant does not appear and surrender to the court within 30 days from the date of the forfeiture and . . . the defendant or the defendant's sureties do not satisfy the court that appearance and surrender by the defendant at the time scheduled for the defendant's appearance was impossible and without the defendant's fault, the court shall upon motion of the district attorney enter judgment for the state . . . for the amount of the bail . . . .

Wis. Stat. § 969.13(4).

Achterberg contends that the circuit court lacked authority to order his bail forfeited because the district attorney never made a motion. According to Achterberg, an order forfeiting bail only becomes final "upon motion of the district attorney" as stated in Wis. Stat. § 969.13(4).

Achterberg incorrectly frames the issue in terms of whether a circuit court has discretion to enter judgment forfeiting bail *absent a motion by the district attorney*. (emphasis added). *See* Wis. Stat. § 969.13(4). Section 969.13(4) only applies when a "defendant does not appear and surrender to the court within 30 days from the date of forfeiture . . . ." Wis. Stat. § 969.13(4). Subsection (4) is silent with respect to when a defendant *does* appear within 30 days. Here, Achterberg returned to the court 23 days after the date of his bail forfeiture. Section 969.13, which deals with bail forfeiture, is silent as to this situation.

Therefore, we reframe the issue as follows: whether a circuit court has discretion to enter judgment on an order forfeiting bail absent a motion by the district attorney when the defendant appears within 30 days from the date of forfeiture. Whether circuit courts have such discretion under Wis. Stat. § 969.13 is

a question of law that we review without deference to the lower courts. *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 43, 532 N.W.2d 130 (1995). We conclude that the circuit court has such discretion.

We reach this conclusion as a matter of logic. We can discern only three possible interpretations to choose from when interpreting the silence of Wis. Stat. § 969.13. The first is that the legislature intended circuit courts to comply with additional procedures when a defendant appears within 30 days. However, there is no rational basis for such a conclusion. Had the legislature intended additional procedures to apply beyond those already in the statute, i.e., a motion by the district attorney, we assume that the legislature would have listed such procedures specifically.

The second possible alternative is that the legislature intended the same procedures to apply when defendants appear before the court within 30 days. Under this alternative, the district attorney would have to make a motion to forfeit bail whenever a defendant is before the court, regardless of whether the defendant returns within 30 days or after 30 days. We reject this construction, however, because it renders the language "if a defendant does not appear . . . within 30 days" surplusage. A law must be construed so that "no word or clause shall be rendered surplusage." *Mulvaney v. Tri State Truck & Auto Body*, 70 Wis. 2d 760, 764, 235 N.W.2d 460 (1975).

The third possible alternative is that the legislature intended fewer procedures to apply when a defendant returns to the court within the 30 days provided for in Wis. Stat. § 969.13(4). Inasmuch as the only procedure required by subsection (4) is a motion by the district attorney, this alternative would remove

that requirement. We are compelled by a process of elimination to conclude that this interpretation is the only logical and reasonable result.

In this case, Achterberg appeared 23 days after the date of forfeiture. Achterberg had notice and an opportunity to be heard before the circuit court. *See State v. Nordness*, 128 Wis. 2d 15, 34, 381 N.W. 2d 300, (1986) ("Procedural due process requires that the State afford ... [an individual] notice of the offense and an opportunity to be heard at a meaningful time and in a meaningful manner."). The district attorney decided not to take a position on whether the bail should be returned, leaving the decision to the court. Circuit courts should not be foreclosed from entering judgment on orders for bail forfeiture when the defendant is properly before the court within 30 days of the date of forfeiture. Accordingly, we conclude that the circuit court had discretion to enter judgment on the order for Achterberg's bail forfeiture when Achterberg appeared before the court within 23 days.

We now turn to the second issue: whether the circuit court erroneously exercised its discretion in entering judgment on Achterberg's bail forfeiture.[5]

In *State v. Ascencio*, 92 Wis. 2d 822, 829, 285 N.W.2d 910 (Ct. App. 1979), the court of appeals stated: "The decision whether to set aside or modify the order

---

[5] Achterberg asks this court to address a second issue which makes its first appearance in Achterberg's brief-in-chief. The second issue is whether the circuit court erroneously exercised its discretion in refusing to reinstate Achterberg's bail. Although we are not required to review this issue because it was not presented in Achterberg's Petition for Review, we choose to do so in our own discretion.

is highly discretionary and is reviewable in the same manner that all discretionary acts are to be reviewed." The test is not whether this court agrees with the ruling of the circuit court, but whether the lower court properly exercised its discretion. *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983).

Achterberg argues that his nonappearance at the second court date was "impossible and faultless" under Wis. Stat. § 969.13(4). Achterberg contends that he did all that was required by the statute for return of the bail by returning to the court within the time called for by statute and satisfying the court that his appearance was impossible and his absence was not his fault as a result of his custodial status in Columbia County.

In denying Achterberg's request for return of the bail, the circuit court stated: "Well, quite honestly . . . I might go along with your . . . request if this wasn't the second time. [I]f the defendant [had] shown up on June 27 for jury selection, there would not have been a bench warrant at that time."

In *Burkes v. Hales*, 165 Wis. 2d 585, 590-91, 478 N.W. 2d 37, 39 (Ct. App. 1991), the court of appeals discussed the scope of review of a circuit court's discretionary act: "It is enough that [the reasons for the court's conclusion] indicate to the reviewing court that the trial court 'undert[ook] a reasonable inquiry and examination of the facts' and 'the record shows that there is a reasonable basis for the . . . court's determination,' " (citing *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 471, 326 N.W. 2d 727, 732 (1982)).

In the present case, the circuit court concluded that even though Achterberg might have made his second appearance had he not been arrested in Columbia

County, the net effect of the two missed appearances signified Achterberg's irresponsibility.

We conclude that the circuit court's explanation of its reasons for denying Achterberg's request for the return of his bail was adequate to establish that the court properly exercised its discretion. Because we cannot say the result lacked a rational or reasonable basis, we affirm the judgment of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.