STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph J. WILCENSKI, Defendant-Appellant.†

Court of Appeals

*No. 2012AP142–CR. Submitted on briefs October 30, 2012.*
*—Decided January 16, 2013*

2013 WI App 21

(Also reported in 827 N.W.2d 642.)

† Petition for Review denied 6-12-13.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel P. Fay* and *Erin K. Fay* of *Oakton Avenue Law Offices, S.C.*, Pewaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brian J. Juech*, assistant district attorney of Waukesha.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.[1]  Every person charged in Waukesha county with operating a motor vehicle while under the influence of an intoxicant or with a prohibited alcohol concentration (OWI) as a second or subsequent offense who lives within a ten-county area is required to go to drug and/or alcohol treatment as a condition of bail. Treatment and monitoring are imposed regardless of the individual circumstances of the defendant. Joseph J. Wilcenski was charged with second-offense OWI in Waukesha county and challenged the court commissioner's blanket bail condition requiring treatment and monitoring. The circuit court reviewed the totality of the allegations against Wilcenski, considered his previous OWI conviction, determined that treatment and monitoring were appropriate conditions for Wilcenski, and ordered Wilcenski to participate in treatment or report to jail. Wilcenski chose jail, later pled guilty, and served his sentence. This appeal followed.

¶ 2.  Wilcenski challenges the constitutionality of Waukesha's pretrial treatment program and also argues that the court erred in setting the conditions of his bail. The State argues that we should not consider Wilcenski's appeal as the issue is moot; Wilcenski has served his sentence and can gain no relief. While we generally will not consider moot issues, we recognize certain exceptions to this rule. *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶ 3, 233 Wis. 2d 685, 608 N.W.2d 425. Applicable to this case are the exceptions for when a moot issue raises constitutional questions, demonstrates a need to provide guidance to the circuit

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. § 752.31(3) and Wis. Stat. Rule 809.41(1) (2009–10). All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

courts, or is "likely of repetition and yet evades review." *See id.* (citation omitted). Although Wilcenski can gain no relief at this point, addressing the questions that he has raised is justified as they otherwise might not be reviewed.[2]

¶ 3. We reject Wilcenski's claim that the imposition of treatment and monitoring on a pretrial basis violates his constitutional rights to privacy and to be free from unreasonable searches. While we agree with Wilcenski that a blanket bail policy is improper, a blanket bail policy was not applied to Wilcenski as he challenged his bail conditions and the court made a proper individualized determination of his bail conditions. We therefore affirm Wilcenski's bail conditions and the judgment of conviction. We further provide guidance that a blanket bail policy constitutes an erroneous exercise of discretion.

## BACKGROUND

¶ 4. Wilcenski was charged with second-offense OWI after a city of Waukesha police officer stopped him for driving a vehicle without his lights on at 2:12 a.m. Waukesha county has enacted a policy that all persons arrested for OWI as a second or subsequent offense who live in one of ten counties will be released from custody

---

[2] Although Wilcenski pled guilty in this case shortly after we denied his petition for leave to appeal the nonfinal order, we agree with him that "[a] criminal trial phase concludes more quickly than the appellate process" and that our denial of his interlocutory appeal left him with no other avenue to have the issue heard. We also note that by filing for leave to appeal the nonfinal order prior to his conviction, he preserved his right to have us review the denial of his motion. *See State v. Wolverton,* 193 Wis. 2d 234, 254, 533 N.W.2d 167 (1995), *overruled on other grounds by State v. Dubose,* 2005 WI 126, 285 Wis. 2d 143, 699 N.W.2d 582.

on the condition that they participate in a pretrial intoxicated driver treatment program. At Wilcenski's initial court appearance, the court commissioner greeted Wilcenski and his fellow Waukesha county arrestees with this preliminary statement:

> Ladies and Gentlemen, if you're appearing today because you've been charged in a criminal complaint alleging operating a motor vehicle while under the influence of an intoxicant as a second or subsequent offense or operating a motor vehicle with a prohibited blood alcohol concentration as a second or subsequent offense, the court will, as one of the conditions of your bail, order you into the Waukesha County Intoxicated Driver Intervention Program with all the standard terms and conditions.

> That means that you've been entered into a program operated by Wisconsin Community Services for an assessment as to your use or abuse of alcohol and or drugs. Any follow-up treatment to include random alcohol and or drug screens. You are to meet with a representative of WCS outside the bond room today immediately following your hearing. If you fail to meet with a representative of WCS today, the court will issue a capias for your immediate arrest first thing tomorrow morning.

¶ 5. Participation in the pretrial program involves reporting to a caseworker twice a week, submitting to random drug and/or alcohol testing, and participating in educational classes or treatment for the use of drugs and/or alcohol. The pretrial program may disclose information to the court and other parties regarding the defendant's treatment provider, level of treatment, number of positive or negative drug or alcohol tests, and attendance at self-help and treatment meetings. The pretrial program charges defendants fees for their participation, which Wilcenski contends can reach

$1200 depending on the duration and type of monitoring required of the defendant. These costs are not refunded if a defendant is found not guilty. The pretrial program also receives information from physicians who have prescribed medication for defendants. The pretrial program does not publicly disclose information collected during defendants' intake appointments such as medical histories or base line drug tests. The pretrial program does not collect any facts on defendants' pending charges.

¶ 6.    Wilcenski moved the circuit court to discharge him from participation in the pretrial program or, alternatively, to modify certain aspects of the pretrial program. Wilcenski argued that the conditions violated his constitutional right to medical privacy and to be free from unreasonable searches and that the court's imposition of a blanket judicial policy is contrary to the individualized determination required for setting bail.

¶ 7.    The circuit court denied Wilcenski's motion, finding that participation in the pretrial program is "a reasonably necessary condition of bail under [Wis. Stat. §] 969.02(3)(d)" as the condition is "reasonably necessary to protect the community from the potential of [Wilcenski's] operation of a motor vehicle while intoxicated." In support of this finding, the circuit court reviewed the statutes and the allegations against Wilcenski from his pending OWI case, stating:

> I believe on a case-by-case basis, and this is how I have reviewed this, it is appropriate to consider the balancing with the public's interest in ensuring that individuals are not on our roads intoxicated.
>
> This is an individual in this case who has been convicted before so this is not the first occurrence . . . . We now have the BAC [blood alcohol concentration] charge, which was not available to the Court at the time, of .164 . . . .

152

[A]ll of that supports the Court's conclusion that it is a reasonable nonmonetary condition of bail to establish and require WCS monitoring . . . . If he cho[o]ses not to do that, then I have invoked what I think is an alternate reasonable condition of bail and that is reporting to the jail.

Wilcenski went to jail rather than participate in the pretrial program and subsequently pled guilty. Wilcenski appeals.

## STANDARD OF REVIEW

¶ 8. Wilcenski raises a facial challenge to the constitutionality of the pretrial program as a condition of release under WIS. STAT. ch. 969. In reviewing facial challenges, we presume constitutionality and resolve all doubts in favor of constitutionality. *Dane Cnty. DHS v. P.P.*, 2005 WI 32, ¶ 17, 279 Wis. 2d 169, 694 N.W.2d 344. Wilcenski must convince us that there are no circumstances in which the imposition of the challenged condition may be constitutional. *See State v. Smith*, 2010 WI 16, ¶ 10 n.9, 323 Wis. 2d 377, 780 N.W.2d 90.

¶ 9. Conditions of release for criminal defendants are generally left to the discretion of the circuit courts. *State v. Braun*, 152 Wis. 2d 500, 511, 449 N.W.2d 851 (Ct. App. 1989). We review the conditions set by a circuit court for an erroneous exercise of discretion. *See Melone v. State*, 2001 WI App 13, ¶ 4, 240 Wis. 2d 451, 623 N.W.2d 179 (2000). A circuit court properly exercises its discretion by examining relevant facts, applying proper legal standards, and engaging in rational decision making. *Id.* "[T]he failure to exercise discretion (discretion that is apparent from the record) when

discretion is required, constitutes an [erroneous exercise] of discretion." *McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971).

## DISCUSSION

### *Constitutional Questions*

¶ 10.   Wilcenski challenges the circuit court's authority to require participation in the pretrial program as an unconstitutional violation of an individual's right to privacy and right to be free from unreasonable searches. In support of this argument, Wilcenski points to the pretrial program's requirement that "all offenders . . . sign a release of information to disclose and receive information from the defendant's healthcare providers and [be] subject to random preliminary breath tests or continuous alcohol monitoring." We do not believe that Wilcenski's argument overcomes the presumption that the circuit court's practice is constitutional. *See P.P.*, 279 Wis. 2d 169, ¶ 18. So long as a circuit court considers the individual circumstances of each case, a court may require participation in the pretrial program as a condition of release without violating a defendant's constitutional rights.

¶ 11.   Wilcenski bases his right to privacy claim on several Wisconsin statutes that protect the confidentiality of health care and treatment records. *See* WIS. STAT. §§ 146.81–146.84. He does not allege that the condition violates these statutes, but that the imposition of the condition forces a defendant to give up these confidentiality protections to be released from custody. We are not persuaded. Although one charged with a crime does not lose all his rights, our statutes contem-

154

plate reasonable restrictions and permit a great deal of discretion in setting conditions. *See* WIS. STAT. §§ 969.02(3) & 969.03(1). A person charged with a crime and released from custody on conditions while he or she awaits trial does not have the same expectations of privacy as a person not charged with a crime. *See In re York*, 892 P.2d 804, 813 (Cal. 1995). The fact that a defendant charged with a crime may have to give up some of his or her privacy protections in lieu of sitting in jail awaiting trial does not render such bail conditions unconstitutional. *See id.*

¶ 12. Wilcenski points to the United States Supreme Court's recognition of the right to privacy in one's personal information in *Whalen v. Roe*, 429 U.S. 589 (1977), for support. Yet, in *Whalen*, the Court explicitly stated that the disclosure of private medical information "to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy." *Id.* at 602. As with many constitutional rights, the right to privacy over one's personal information "must be balanced against important competing interests." *Doe v. Southeastern Pa. Transp. Auth.*, 72 F.3d 1133, 1138 (3d Cir. 1995). *Whalen* dealt with a New York law that established a centralized database of certain drug purchasers. *Whalen*, 429 U.S. at 591. A district court partially enjoined enforcement of the law on the grounds that it threatened individuals' privacy rights, and the United States Supreme Court reversed. *Id.*

¶ 13. As in *Whalen*, the information collected for the pretrial program is given to representatives of the State in carrying out a legislative initiative. *See* WIS. STAT. § 85.53. The only medical-related information

gathered by the pretrial program that may be disclosed publicly (i.e., to the court) are the number of positive or negative drug and alcohol tests registered by the defendant during the course of treatment, the name of the defendant's treatment provider, and level of treatment received. We see no violations of a defendant's right to privacy posed by such disclosures. A court has the authority to receive information on whether the defendant has adhered to an appropriately applied condition, such as a prohibition on the consumption of drugs or alcohol and drug or alcohol treatment. *See State v. Taylor,* 226 Wis. 2d 490, 501, 595 N.W.2d 56 (Ct. App. 1999); *see also Oliver v. United States,* 682 A.2d 186, 189 (D.C. 1996).

■

¶ 14.  Wilcenski also argues that, in conditioning his release on a program that involves drug and alcohol testing, the circuit court has impermissibly forced him to consent to unconstitutional searches. Although the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution generally prohibit searches executed without a warrant issued upon probable cause, exceptions are made "when 'special needs beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.' " *State v. Guzman,* 166 Wis. 2d 577, 587–88, 480 N.W.2d 446 (1992) (citation omitted). Such a special need has been found to exist when drug testing is employed to protect the safety of the public. *See id.* at 588 & n.6. This exception thus would apply to testing as part of a condition of release imposed to protect public safety.

¶ 15.  Other jurisdictions also have found that conditions requiring drug testing for release imposed on an individual basis do not run afoul of the Fourth

Amendment. *See Oliver*, 682 A.2d at 189–90; *York*, 892 P.2d at 814–15. In *York*, the California supreme court upheld a decision that random drug testing was a permissible condition of release upon a court's consideration of the specific facts and circumstances of each defendant's case. *York*, 892 P.2d at 806, 816. The District of Columbia court of appeals likewise found that a condition of release requiring drug testing for an admitted drug abuser was not an unreasonable search under the Fourth Amendment. *Oliver*, 682 A.2d at 192–93.

*Conditions of Release on Bail*

¶ 16.   A person charged with a crime is eligible for release from custody "under reasonable conditions designed to assure his or her appearance in court, protect members of the community from serious bodily harm, or prevent the intimidation of witnesses." WIS. STAT. § 969.01(1). A lengthy list of factors is set forth in WIS. STAT. ch. 969 for circuit courts to consider in setting nonmonetary conditions of release. *See* WIS. STAT. §§ 969.01(4), 969.02(3)(d), 969.03(1)(e). While the bail statutes grant a great deal of discretion to circuit courts in setting conditions of release, we require that courts make findings on the record or point to evidence supporting those conditions they choose to impose or else risk violating ch. 969. *See Braun*, 152 Wis. 2d at 514.

> The term "discretion" contemplates a *reasoning process* that depends on the *facts in the record* and yields a conclusion *based on logic* and *founded on a proper legal standard.* Coming to the same conclusion for the same blanket reason in every case despite the facts of each case does not satisfy this definition.

*Melone*,   240   Wis. 2d   451,   ¶ 6   (citations   omitted).

157

¶ 17.   The State argues that the mandatory condition is appropriate as "[a]ll defendants who are required to participate in the Waukesha county pretrial intoxicated driver intervention program have been found to have driven while intoxicated at least once before, and are virtually certain to have driven while intoxicated again, showing a pattern of drinking and driving." We agree with the State that the pretrial program is a reasonable condition of release to protect the public from *some* repeat drunk driving defendants. We disagree with the State that a blanket program applicable to all those falling within a certain class is an appropriate act of the judiciary. The judiciary has a duty to consider on an individual basis the appropriate conditions of release for one charged with a crime, and we do a disservice to both the community and those charged with crimes to delegate our obligation to a blanket program.[3]

¶ 18.   In this case, the circuit court did not erroneously exercise its discretion in imposing conditions of bail upon Wilcenski as the court made an individualized determination that treatment and monitoring were appropriate conditions of release for Wilcenski. Wilcenski had the right to decline those conditions and await his trial in the confines of the county jail. On the other hand, a circuit court that follows a blanket policy that

[3] The State's argument that not all defendants referred to the pretrial program actually receive treatment and that some may instead be referred to an educational class based on the results of their initial assessments by the pretrial program is unavailing. Delegating such discretionary decisions to the pretrial program does not fulfill the circuit court's responsibility to exercise discretion in imposing conditions of release on an individual basis.

mandates participation in a pretrial program as a condition of release for all persons based on only one factor (the nature of the offense), without making an individualized determination that that condition is appropriate, erroneously exercises its discretion in setting conditions of bail. *See id.,* ¶ 5.

¶ 19. We do not properly exercise our judicial function if we look solely to the class of the defendant brought before the court, i.e., treating all drunk drivers the same on a pretrial basis. We cannot, and should not, move to a system of pretrial justice that dispenses with an examination of the appropriate release conditions for those charged with crimes in our communities. Such a blanket assessment may be either overinclusive or underinclusive of appropriate conditions depending upon the facts presented. A bail-setting program that operates as a "one size fits all" system is a system preordained to fail the criminal justice system.

## CONCLUSION

¶ 20. While Wilcenski challenges the circuit court's authority to impose a mandatory condition on his release, he does not argue that the error prejudiced the disposition of the case. We therefore affirm his conviction. *See State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). We caution circuit courts that a mandatory condition of release based solely on the nature of a charged crime without considering a defendant's individual circumstances constitutes an erroneous exercise of discretion in setting bail conditions.

*By the Court.*—Judgment affirmed.